The judgment is reversed and the cause remanded.

---

### McCRAY v. STATE. (No. 7906.)

(Court of Criminal Appeals of Texas. Dec. 5, 1923. State's Rehearing Denied Jan. 16, 1924.)

1. **Criminal law** ⚖️➝1091(11)—**Bill of exceptions in question and answer form not considered in absence of explanation.**

Bill of exceptions in question and answer form in violation of Code Cr. Proc. 1911, art. 846, will not be considered on appeal, in absence of notation or explanation by trial court.

2. **Criminal law** ⚖️➝719(1)—**Prosecuting attorney's statement in argument to jury held improper.**

In a prosecution for manslaughter, argument of prosecuting attorney, "That the defendant had been meeting the wife of Ike Oliver out, from place to place and time to time, for the purpose of having improper relations with her," when no evidence to warrant statement, *held* improper.

3. **Criminal law** ⚖️➝722(2)—**Statement of prosecuting attorney as to failure of defendant to put character in issue, held improper.**

In a manslaughter prosecution it was error for the prosecuting attorney in argument to state: "Counsel argues to you in his address that the character and the reputation of de-

---

ceased was bad. Of course, they all do that. You never hear of a good man getting killed, but always when a man is murdered they try to show you that he was a bad and violent character. You see, the defendant has a right to show this matter to the jury. They can place the reputation and character of the deceased in issue, but in criminal cases the state cannot place the reputation and character of defendant in issue, and sometimes that is a pretty good thing for the defendant, because it might show a different situation, and one equal to the reputation and the character of the deceased person, and for mighty good reason defendant has failed to put his character in issue."

**4. Criminal law ⊜⇒723(3)—Prosecuting attorney's statement as to leniency of juries in murder trials held improper.**

In homicide prosecution, statement of prosecuting attorney, "That the juries of Harrison county are inclined to be lenient in the trial of men for murder, and have too often permitted their sympathy for defendants to influence them, and as a result men who have committed unwarranted and unjustifiable murder have been set free by the verdict of the jury, and as a result life in Harrison county is cheaper than any other place in all this country; it is cheaper than a bale of cotton, cheaper than a mule, cheaper than dirt, and even cheaper than a dog," *held* improper.

**5. Criminal law ⊜⇒713—Prosecuting attorney's statement as to defendant's motive held improper.**

In homicide prosecution, statement of prosecuting attorney in argument to jury, "That the state has a theory in this case, gentlemen of the jury, and that is that the defendant's sole and only motive in killing the deceased was that defendant wanted to get rid of deceased so that he could go back down there in that community and have the wife of Ike Oliver free and unmolested," *held* improper.

**6. Criminal law ⊜⇒1171(1)—Statements of prosecuting attorney in murder trial held ground for reversal.**

In homicide prosecution, statements of prosecuting attorney in argument to jury as to defendant's relations with deceased's wife, as to law making evidence as to defendant's reputation inadmissible, as to leniency of juries in murder trials, and as to defendant's motive in killing the deceased, *held* ground for reversal.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

George McCray was convicted of manslaughter, and he appeals. Reversed.

Lane & Lane, of Marshall, for appellant.

Tom Garrard, State's Atty., of Midland, and Grover C. Morris, Asst. State's Atty., of Devine, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Harrison county of manslaughter, and his punishment fixed at three years in the penitentiary.

In view of the seeming necessity for a reversal upon other grounds, we do not set out or discuss the testimony as given upon the trial.

[1] There are several bills of exception taken to the acceptance or rejection of testimony during the trial, but same are in question and answer form and for that reason cannot be considered by us. Our statute, article 846, C. C. P., forbids the carrying of the questions and answers taken down by the stenographer into the statement of facts or bills of exception except when deemed necessary by the trial court in order to make the matters involved and the reasons therefor apparent to this court. Unless there be some such notation or explanation made by the trial court, this court declines to consider a bill of exceptions in question and answer form.

[2] Our Assistant Attorney General confesses error beause of the argument indulged in by the attorney for the state. It is made to appear by bill of exceptions No. 3 that the following argument was used:

"That the defendant had been meeting the wife of Ike Oliver out, from place to place and time to time, for the purpose of having improper relations with her."

We have found no evidence in the record warranting any such statement as this.

[3] By bill of exceptions No. 4 it is made to appear that state's counsel used the following language:

"Counsel argues to you in his address that the character and the reputation of deceased was bad. Of course, they all do that. You never hear of a good man getting killed, but always when a man is murdered they try to show you that he was a bad and violent character. You see, the defendant has a right to show this matter to the jury. They can place the reputation and character of the deceased in issue, but in criminal cases the state cannot place the reputation and character of defendant in issue, and sometimes that is a pretty good thing for the defendant, because it might show a different situation, and one equal to the reputation and the character of the deceased person, and for mighty good reason defendant has failed to put his character in issue."

[4] Again in bill of exceptions No. 5 prosecuting attorney made the following statement:

"That the juries of Harrison county are inclined to be lenient in the trial of men for murder, and have too often permitted their sympathy for defendants to influence them, and as a result men who have committed unwarranted and unjustifiable murder have been set free by the verdict of the jury, and as a result life in Harrison county is cheaper than any other place in all this country; it is cheaper than a bale of cotton, cheaper than a mule, cheaper than dirt, and even cheaper than a dog."

[5] Again also in bill of exceptions No. 6 we find the following:

"That the state has a theory in this case, gentlemen of the jury, and that is that the defendant's sole and only motive in killing the deceased was that defendant wanted to get rid of deceased so that he could go back down there in that community and have the wife of Ike Oliver free and unmolested."

[6] Bills of exception were properly preserved complaining of each of these statements in argument, and the same seem to us to so clearly transcend the legitimate rules of discussion of testimony or that character of appeals for the enforcement of the law as may properly be indulged in by attorneys representing the state, as that we do not deem it necessary to go into any extended analysis or discussion of the argument. Mr. Branch collates many authorities (sections 362–370 of his Annotated Penal Code), comparison with which would seem to make it beyond question that the arguments quoted require a reversal of this case, and it is accordingly so ordered.