**Teddy Fritz THURMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37010.**

Court of Criminal Appeals of Texas.

Oct. 7, 1964.

Billy C. Powell, J. Robert Harris, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The conviction is for the felony offense of drunk driving; the punishment, a fine of $100.

The evidence as to appellant's state of sobriety was sharply contested. The state relied heavily upon testimony of the chemist and toxicologist who examined a specimen of urine taken from the appellant. He testified that such urine contained 27/100ths percent alcohol. He also testified that a 1/10th percent alcohol content *in the blood stream* is sufficient to show intoxication of the individual at the time the sample of urine was taken, but we find no evidence in the record regarding the ratio between the alcohol content of the urine and the alcohol content in the blood stream, and no evidence as to the percentage of alcohol in the *urine* which would be sufficient to indicate intoxication.

Without such evidence, counsel for the state, over proper objection, argued to the jury that the appellant "had three times as much alcohol as the standard requires"; that "everybody knows the effect that quantity of alcohol would have upon an individual"; that the urine test "nailed him down" and that "he did have that amount of alcohol in his system."

The complained of remarks were outside the record and were prejudicial and require reversal.

■ Upon another trial reference to any illicit relationship between the appellant and his woman passenger, not proved or admitted, should not be made. McCray v. State, 96 Tex.Cr.R. 354, 257 S.W. 566.

If testimony is offered and admitted for impeachment purposes only, such evidence should be so limited in the charge. Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322.

The judgment is reversed and the cause remanded.