**Albert Alan KEMPH, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43419.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Rehearing Denied March 24, 1971.

Fred Fick, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Jack Q. Neal, Otto Stephani, Truman Power and R. W. Crampton, Asst. Dist. Attys., Forth Worth, and Jim D. Vollers, State's Atty., Austin, for the State. .

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at 150 years.

Complaint is made of the argument of the assistant district attorney at the guilt stage of the trial that it injected unsworn testimony of a harmful and prejudicial nature.

The record reflects that the appellant shot and killed Wanda Simpson. The appellant, age 36, had been dating Dianne Simpson, the fifteen-year-old sister of Wanda. Appellant had known Dianne for approximately two years, and during that time had lived next door to her in a house owned by her mother. Upon hearing of Dianne's plans to marry the appellant, her mother sought to discourage the relationship by instructing Dianne that she was no longer to see the appellant. Wanda would report to her mother occasions that Dianne would violate these instructions.

On the day of the homicide, Wanda was walking down the road near her home. Appellant and Dianne approached from the opposite direction in an automobile. Appellant stopped the automobile and told Dianne that he was going to warn Wanda to stop telling her mother about appellant seeing Dianne. He got out, and after some discussion pulled a .22 caliber pistol and shot Wanda in the abdomen.

In his summation to the jury, the State's counsel spoke of the fact that on the day of the shooting appellant had called Dianne and asked her to meet him "at the pond," and she had done so against her mother's wishes. He then stated, "But that's not the issue here, Ladies and Gentlemen, the seduction of this 15 year old— that's not the issue here."

Appellant's counsel stated, "Your Honor, I object to that. There is not a word in the record about this, and I think it is clearly improper for him to talk about seduction. This is a murder case. I object to that." The objection was overruled. The prosecutor then repeated part of the remarks and said, "[t]hat is not the issue, Ladies and Gentlemen, the seduction of a fifteen year old."

**114**

There is no evidence in the record to show that the appellant seduced or had sexual intercourse with the 15-year-old girl.

It appears from the argument that the prosecutor stated "the seduction of the fifteen year old girl" was a fact. It does not appear that such statement was based on a reasonable deduction from the evidence.

The State in its brief contends that appellant's counsel had previously argued the same subject matter when he stated:

"I don't even approve of his conduct from the very beginning, in his association with this family, but that isn't what we are here for—to give the stamp of approval or disapproval on his conduct.

"We are here to say to him and to the Judge and everybody else, he was either guilty or he is not guilty of murder."

We do not think that this argument can be construed as stating that the girl was seduced.

In McCray v. State, 96 Tex.Cr.R. 354, 257 S.W. 566, the conviction was for murder. The following argument was made: "That the defendant had been meeting the wife of Ike Oliver out, from place to place and time to time, for the purpose of having improper relations with her."

This Court found no evidence warranting any such statement and held that this statement transcended the rules of discussion of testimony and reversed the conviction.

Thurman v. State, Tex.Cr.App., 382 S.W.2d 492, in an opinion by Presiding Judge Woodley, (reversed on another ground), cited McCray v. State, supra, and stated:

"Upon another trial reference to any illicit relationship between the appellant and his woman passenger, not proved or admitted, should not be made."

See 1 Branch's Ann.P.C.2d, Section 384, p. 404, and Texas Digest, Criminal Law, Section 719(1).

Because the prosecutor was permitted to argue a prejudicial matter not proved which transcended the rules of discussion of testimony, the judgment is reversed and the cause is remanded.