John Henry MITCHELL, aka Lonnie Mitchell, Appellant,

v.

The STATE of Texas, Appellee.

No. 41651.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 19, 1969.

Raymond A. Wietzel, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder with malice; the punishment, ten years.

The state did not seek the death penalty and the trial was before the court on a plea of not guilty.

The indictment alleged that on or about May 4, 1967, appellant voluntarily and with malice aforethought killed and murdered Eugene Williams, Jr., by stabbing him with a knife.

The state offered evidence showing that appellant, after having an argument with Sylvania Hartfield earlier in the day, met Sylvania in the street and stabbed her in the stomach with a butcher knife.

Sylvania's nephew, David Royster, came to aid her or stop the fight and appellant cut him on the arm.

Eugene Williams, Jr., the deceased, also attempted to stop the assault or fight and appellant stabbed him with the butcher knife in the left half of the upper chest.

The stab wound had a depth of more than two and a half inches and penetrated through the pericardial sac and into the pulmonary artery, causing the death of Williams.

There was testimony to the effect that appellant said: "I'll kill all you black sons of bitches," or "I'm going to kill all you Negroes, something to that effect."

Appellant admitted the stabbings and cuttings, but testified that he was being attacked by Sylvania, Royster and Williams in an attempt to rob him and that the knife he used was taken by him from one of his assailants.

The record reflects that appellant was born May 4, 1885; that he was convicted of the offense of murder with malice in 1938 and was paroled in 1959; that his parole was revoked after the killing of Williams and he was returned to Bexar County on bench warrant to answer the indictment herein.

The first ground of error complains that the court erred in overruling appellant's motion in limine to exclude any evidence with reference to his prior conviction because it was too remote to be used for the purpose of impeachment.

Trial was before the court. The evidence as to the prior conviction was admitted without objection on the punishment issue.

We are aware of no authority which supports the contention that an inmate of the Texas Department of Corrections who testifies as a witness in a criminal case (including the defendant) may not be impeached by proof that he was on parole from a life sentence and had been on parole for some 9 years at the time the offense for which the defendant was on trial was committed.

Ground of error No. 1 is without merit.

 Ground of error No. 2 complains that the evidence is insufficient to sustain a finding that appellant at the time of the killing had the specific intent to kill, and ground of error No. 3 complains that the evidence is insufficient to sustain a finding that appellant acted with malice aforethought.

Under the facts, these grounds of error are overruled.

The judgment is affirmed.