Eugene THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43945.

Court of Criminal Appeals of Texas.

June 16, 1971.

David J. Nagle of Nagle & Barr, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault where punishment was assessed at 25 years.

Appellant's brief presents the following three questions:

"1. Was Defendant so prejudiced by the admission of the testimony of offenses not connected to him, that he was denied a fair trial?

"2. Did the Trial Court err in admitting evidence of extraneous offenses,

over defense Motion, even though limited by the charge to the question of 'identity'?

"3. Did the Trial Court err in letting the State argue, outside the record, that Appellant was arrested because of a police chase of two cars which each had been involved in unlawful activity not connected to Appellant?"

Patsy Turman, an employee of the Pilgrims Cleaners at 6929 Jensen in the city of Houston, testified that on May 14, 1969, the appellant and a man named Jones entered such business establishment, asked for some cleaning in the name of Smith, then pulled a gun and forced her to give him an unknown amount of money which she surrendered because of fear for her life or serious bodily injury. The appellant then caused Mrs. Turman and Peggy Phillips, another employee, to lie on the floor while he and his companion departed.

Mrs. Turman related that some two weeks later, the exact date of which she could not recall, a man whom she later learned to be one McGrew entered the business establishment and asked for cleaning in the name of Smith. At this time she saw the appellant walk up to the front door and she fled through the rear door to a nearby wrecker service.

Mrs. Phillips corroborated Mrs. Turman's testimony as to the events of May 14th and made a positive identification of the appellant.

D. R. Miller, owner of the wrecker service, testified that it was on June 6, 1969, that Patsy Turman came into his storage yard, appeared nervous, and frightened, and reported that the man who had robbed her earlier had returned. Miller then drove a wrecker truck onto Jensen Street where he saw two men "coming from the cleaners" and observed them get into an orange Road Runner automobile. He broadcasted on the wrecker's radio a description of the car and its license number to his dispatcher who was in contact with the police. He lost the Road Runner in the traffic, but some 15 to 30 minutes later had occasion to see the automobile after it had been stopped by the police.

Frank McCarty, an employee of Miller's, who was driving a wrecker, heard the broadcast and spotted the described Road Runner containing four persons. He followed. He saw the car stop and two men, whom he was unable to identify, get out and enter a black Chevrolet. He reported a description of the Chevrolet and its license number to the police. He continued to follow the Road Runner and when it was parked, he reported its location to Officer Terpstra who subsequently apprehended McGrew and another man in the Road Runner. The appellant was not present.

The next day, June 7th, McCarty again saw the black Chevrolet and reported it to the police. Officer Collie and his partner apprehended the two Hudson brothers in the Chevrolet. After a conversation with such individuals Collie testified he arrested the appellant at his home.

█ In his first ground of error the appellant has failed to specify what testimony of *offenses* not connected to him deprived him of a fair trial. His ground of error certainly does not comply with the requirements of Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

This Court, with its heavy caseload, should not be compelled to search through a record while speculating just what evidence the appellant might have in mind. McElroy v. State, Tex.Cr.App., 455 S.W.2d 223. Nothing is presented for review.

If it be offenses growing out of the "cops and robbers" chase of the two automobiles, then we observe that the appellant elicited from McCarty that he had seen the red or orange Road Runner driving on the wrong side of the road, and first elicited from Officer Terpstra on cross-examination that the reason he stopped the Road Runner on June 6th was a report that it

had been used in a robbery the day before. It was also the appellant's counsel who elicited from Officer Collie in the jury's presence that the appellant had been arrested by virtue of an arrest warrant based on "a serious threat to take a life."

 Appellant's second ground appears to relate to the failure of the trial court to grant his motion to strike the testimony of Miller, McCarty and Collie. This motion was made the day after these witnesses had testified and had been thoroughly cross examined. The motion was made without specification of the portions sought to be excluded. Clearly appellant's contention that all of such testimony was immaterial and irrelevant and involved extraneous offenses is without merit, and appellant is in no position to complain of that testimony he himself developed, particularly as to the extraneous offenses. See Mays v. State, Tex.Cr.App., 428 S.W.2d 325; Rogers v. State, Tex.Cr.App., 420 S.W.2d 714.

Appellant's last ground of error relates to jury argument.

The prosecutor's argument was:

"Now, Mr. Nagle quarrels with me because the testimony of the officers that led to Eugene Thomas, he thought was immaterial. Had I not done so, the question in your mind would be, 'Well, how is he here? What happened What led to his arrest?' That's why you heard that testimony. It just led in sequence of events to Eugene Thomas."

Appellant objected on the ground that such argument was "prejudicial and untrue." He moved at this point to "open the testimony and let the jury know the full facts of the warrant for his arrest."

The objection was overruled. No further relief was requested.

First, we observe that the argument, if any way improper, was invited by the earlier defense counsel's argument that the appellant was not arrested because of any-

thing to do with the instant charge, but that counsel was "not allowed to tell you about the facts that were there or that it's long since dismissed or anything about it at all * * *."

Further, we note that the testimony referred to by the prosecutor had been admitted into evidence under the rulings of the court and the prosecutor certainly had a right to refer thereto in his argument. In addition, it was the appellant who had elicited testimony that his arrest was based upon an arrest warrant.

Appellant also complains of the prosecutor's reference in argument to the effect that the Road Runner led to appellant's downfall and that such automobile "was not a stranger to the police." To such argument, there was no objection or other request for relief. Nothing is presented for review. See Thurmond v. State, Tex.Cr.App., 441 S.W.2d 528. It should also be remembered that appellant elicited the evidence that the police had been searching for such Road Runner.

The judgment is affirmed.