Jesse Leon **LANGHAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44323.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

**516**

Stuart M. Nelkin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Dan McCairns, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

---

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault with the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., being assessed at life..

The State's evidence reflects that on March 9, 1969, the 18 year old complaining witness Sherman Mills who was hitch hiking accepted a ride in an automobile containing five men, one of whom was the appellant. After stopping at a service station and after the driver had been stopped and given a traffic citation (defective tail light) by a Houston city police officer the car was driven to a dark place off Moody Street in the city of Houston. Mills then testified all of the occupants got out of the car and the five men beat him and took from him a ring, a jacket, his wallet and money. He related that the appellant struck him on the jaw and was the assailant who took his jacket. When his attackers departed Mills went to a nearby service station and reported the incident to the police.

In his first two grounds of error appellant contends the trial court erred in failing to suppress Mills' in-court identification of him as well as evidence that Mills had made some pretrial photographic identifications of him.

Prior to trial the court conducted a hearing in the jury's absence to determine the admissibility of the identification evidence as recommended in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842. At the conclusion of the hearing the court found the in-court identification to be of independent origin and not tainted by any pretrial identification and further, "There is no showing of undue, unwarranted or overly suggestiveness by photographs or otherwise concerning identification of this defendant." The motion to suppress was denied.

At the trial on the merits the State offered the in-court identification and also offered Mills' testimony that he had identified the appellant from photographs shown him. The circumstances under which pretrial identification was made, the inconsistencies in some of Mills' earlier testimony

and the details of the offense were fully explored by both sides in the jury's presence.

We conclude that the error, if any, was harmless. Walter Glenn Johnson testified for the State that he was the driver of the car on the night in question and that he was now serving time for the same robbery after having entered a plea of guilty. He testified that the appellant was one of his companions and he corroborated Mills' statement that the appellant had struck Mills in the jaw and had taken Mills' jacket.

Testifying in his own behalf appellant admitted being in the car on the occasion in question. He acknowledged that he had suggested they pick up Mills and that he was the one who suggested to Mills to leave the car at the scene of the robbery, but he denied any complicity in the offense or knowledge of the intentions of his companions. He claimed he remained in the car during the assault upon Mills and had remarked "Ain't that pitiful?"

The appellant having been placed at the robbery scene by his own testimony and that of the witness Johnson, the error, if any, of admitting Mills' identification testimony was harmless. See Smith v. Texas (Tex.Cr.App.1970), 450 S.W.2d 618, 621; Garcia v. State (Tex.Cr.App.1971), 472 S. W.2d 784; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705.

■ Next appellant complains of the court's action in denying his motion for a mistrial "following the repeated violations by the State of the Court's order to refrain from questioning" him "with respect to his parole status."

Appellant's direct examination commenced with the fact that he was being detained at the Harris County Rehabilitation Center, and although there had been three robbery charges he was now being held only on the instant offense. Subse-quently, on direct examination, he acknowledged he had been to prison three times, for "car theft," "burglary," etc. and "did jail time twice."

On cross-examination, without objection, it was elicited from the appellant that he had been released on parole in May, 1968, as a result of the "car theft" conviction and that the instant offense occurred in March, 1969. Thereafter he was asked the name of his parole officer and could only recall "Wright" but not the full name. The court then sustained whatever objection was made to the court out of the hearing of the court reporter. The State continued its interrogation by asking if the appellant had ever gone to see the parole officer and what was his first job after his release on parole. Neither question was answered, the objections to the questions were sustained, and the jury was instructed to disregard "the last question" for any purpose whatsoever. The motion for mistrial was overruled.

While some of the questions complained of seem irrelevant, in light of the evidence properly before the jury and the prompt action of the court, we do not perceive error of a reversible nature. It has been held that a defendant testifying in his own behalf may be impeached by a showing he was on parole at the time of the alleged offense. Mitchell v. State (Tex.Cr. App.1969), 436 S.W.2d 539. It should also be borne in mind that it is a matter of common knowledge that persons given prison terms are frequently released on parole.

■ Next appellant complains of the trial court's refusal to grant a mistrial because of the cumulative prejudice created by improper remarks of the prosecuting attorney. He calls our attention to three instances. The first concerns a remark about the relevancy of certain evidence which was made to the court in the jury's absence. The other two relate to the prosecutor's statements, after the court had sustained a defense objection, to the ef-

fect that the prosecutor "was just trying to get to the truth." The court's ruling in each instant was correct, and while the remarks should not have been made, we find no objection interposed nor other relief requested. Appellant does not point out where he ever requested a mistrial. Apparently he believes the court should have acted sua sponte. We do not agree. Cf. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

Appellant's next ground of error reads:

"The trial court's instructions to the jury were faulty in numerous regards, and said errors were properly preserved for review by this court."

The appellant then set forth four of his special requested charges which were refused by the court, and briefs only one of his contentions.

■■■■ The multifarious ground of error is not in compliance with the provisions of Article 40.09, Sec. 9, Vernon's Ann.C.C.P. See Hinkle v. State (Tex.Cr. App.1969), 442 S.W.2d 728, 734. After the State's brief was filed pointing this defect out, the appellant filed an amended brief in the trial court separating this ground of error into four grounds of error. The record does not reflect that such action was with the trial court's approval or that an extension of time was granted for such purpose.

Nothing is presented for review. We shall consider, however, the contention briefed.

This complaint is that the court refused to charge that in absence of a previous agreement or understanding to rob the injured party, participation in a fight with the injured party would not render him a principal unless he knew of the unlawful intent of his companions. See Alaniz v. State, 147 Tex.Cr.R. 1, 177 S.W.2d 965; Hodges v. State, Tex.Cr.App., 383 S.W. 2d 421 (1964).

The State's evidence reflected that all five men assaulted the injured party and that appellant took the injured party's jacket while his companions took other items of personal property. The appellant testified he was present but did not participate in the fight he observed. The court charged the jury they were authorized to convict if they found beyond a reasonable doubt the appellant acted alone or together with others as principals as defined in the charge.

We find the evidence insufficient to support the requested charge that appellant actually participated in the fight without knowledge of his companions' intent. Viewed as a whole, the court's charge adequately protected appellant's rights.

We have reviewed appellant's other contentions concerning the court's charge and find the matters complained of adequately covered by the court's instructions to the jury. If there be any error, it certainly was not such error as "was calculated to injure the rights of" the appellant or deprive him of "a fair and impartial trial." Article 36.19, V.A.C.C.P.

■■ Next appellant complains of the argument of the prosecutor to the effect that "law and order" required the conviction of "criminals such as the defendant."

The essence of the argument was made without objection and as we view it, the argument was a rather mild mannered plea for law enforcement. Such argument has been held proper. Rhodes v. State, Tex. Cr.App., 450 S.W.2d 329.

■■ Appellant further complains that a portion of the prosecutor's argument was improper when he implied the appellant's reason for testifying was the weight of the evidence against him.

The argument was clearly invited. Appellant's counsel had previously argued he "had a big part along with Jesse in making the decision" to let the appellant testify, and that he (counsel) was appointed and not selected by the appellant personally because he was "a clever mouthpiece or a skilled lawyer"; that the appellant had not purchased "a flim flam man." He

further argued that in view of contradictions in the State's case he and appellant had decided the appellant should testify.

The prosecutor responded by arguing that he had a hand in the decision made, that the appellant and his counsel knew the accomplice witness had been "bench warranted" out of prison to testify and the appellant knew "he better get up there and say something."

Even if the general objection can be considered sufficient, no error is presented since the argument was invited.

 Lastly, appellant urges the trial court erred in refusing to permit the jury to assess punishment. The written request that the jury be allowed to assess punishment was filed on the fourth day of the trial just 15 minutes before the jury returned its verdict at the guilty stage of the proceedings. Such request was thus not timely filed in accordance with the provisions of Article 37.07, V.A.C.C.P. The court did not err in assessing punishment.

The judgment is affirmed.