Leroy Larry SENNETTE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45126.

Court of Criminal Appeals of Texas.

June 21, 1972.

---

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, sixty years.

The sufficiency of the evidence is not challenged. It shows that at approximately 1:30 a. m., October 7, 1969, the appellant, accompanied by a woman companion, assaulted Jessie Lee Rusley with a shotgun at a service station where Rusley was employed. The appellant forced Rusley, who was in fear for his life, to give the keys to the cash register to his companion. When the woman had trouble getting the cash register open, the appellant said to Rusley, "Better open the drawer old man. Don't make me kill you." After the woman had taken approximately $200.00 from the cash register drawer and as they were leaving, appellant said, "I know you know who I am, I just don't want to kill you. I hate to do it, but I need the money." Rusley testified that he and the appellant had formerly worked together.[1]

The appellant complains that "The Assistant District Attorney committed fundamental error when he injected into his jury argument unsworn statements of fact not introduced into evidence. . . ." The appellant bases his contention upon the portion of the record as follows:

"MR. SCOTT: . . . I don't know about you, but maybe this Defendant's attorney doesn't know anything about photography and doesn't realize that—

"MR. FISCHMAN: There's no expert testimony as to the quality or anything else in the record. I think counsel is about to get out of the record.

"MR. SCOTT: I submit it's a reasonable deduction from the evidence that you get a flashback when you take a pic-

---

1. Out of the presence of the jury, Rusley testified he and the appellant had worked side by side in the kitchen at the county jail. He knew the appellant there only as "Bonerack." After he made this known to investigating officers, he identified a photograph of the appellant.

ture like that and you can't get penetration through the window.

"MR. FISCHMAN: We believe that's outside the record and move for a mistrial.

"THE COURT: Overruled."

■ Photographs of the service station had been introduced into evidence.[2] Appellant's counsel, during closing argument, argued that the photograph showed it to be "pitch dark" in the service station and that "There's no way the State can explain this poor lighting away—pass these (the photographs) around again—consider again this photograph—it gives you the same impression—the lighting in there is awful." It would appear that the Assistant District Attorney's argument was in answer to defense counsel's argument. See Johnson v. State, 467 S.W.2d 247 (Tex. Crim.App.1971); Thomas v. State, 468 S. W.2d 90 (Tex.Crim.App.1971); Langham v. State, 473 S.W.2d 515 (Tex.Crim.App. 1971); and Pierron v. State, 475 S.W.2d 775 (Tex.Crim.App.1972). Furthermore, even though a mistrial was requested, no objection was made and there was no request that the jury be instructed to disregard such argument.

■ The appellant also complains of argument after the punishment stage of the trial in which the prosecutor argued "first timers aren't integrated with the hard core. I submit it's a reasonable deduction they're put on farms with other first offenders." The appellant's counsel, in argument, had argued that "the less time he (appellant) spends down there caged up with homosexual perverts, master criminals, the better off this boy's going to be and the better chance you and I have got to walk the streets and not have to fear that he's going to come along with a shotgun again—I was starting to refer to when I said the young clean-cut kid. Ladies on the jury, I hope

I'm not going to offend you but the penitentiary is a terrible place. They're going to send a young, clean-cut, skinny kid down there and the homosexuals and perverts are going to grab him in a minute. How can you find it in your hearts and in your consciences to strip a man of his last shred of humanity and turn him over to those people for any longer than he absolutely has to be turned over to them? It's like—he will be like an animal down there."

It would appear that the prosecutor's argument was a legitimate answer to that made by appellant's counsel. See Johnson v. State, supra; Thomas v. State, supra; Langham v. State, supra; and Pierron v. State, supra.

■ The appellant's remaining contention is that "The trial court committed fundamental error in permitting the arresting police officer to bolster the in-court identification of appellant." The testimony referred to in appellant's brief shows that the officer testified that prior to trial the complaining witness identified a photograph of the appellant.

As no objection to the admission of this testimony was made during trial and it is first raised on appeal, the error complained of was not preserved. Burns v. State, 470 S.W.2d 867 (Tex.Crim.App.1971) and Richardson v. State, 458 S.W.2d 665 (Tex.Crim.App.1970).

Furthermore, the evidence as to the identification of the appellant as the one committing the offense is clear and convincing. The appellant and the complaining witness had worked together and the evidence shows that the complaining witness had an adequate opportunity to see the appellant at the time the offense was committed. The appellant referred to the fact that the complaining witness knew him. A hearing was held outside of the presence of the jury to determine the ad-

---

2. Only Xerox copies of the photographs appear in the record. If photographic exhibits are important to a ground of error on appeal, the record should contain as good a reproduction as was introduced into evidence.

missibility of in-court identification and the careful trial court made written findings of fact that the in-court identification was not influenced by the witness having seen photographs of the defendant and was based solely upon the witness having viewed the defendant at the time and place alleged in the indictment.

The judgment is affirmed.

Opinion approved by the Court.