Roy STEARN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45400.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Melvyn Carson Bruder, Dallas (appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Catherine T. Hill, Asst. Dist. Atty., Dallas, Jim D. Vol-

lers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; punishment was assessed by the jury at twelve years.

Appellant complains of improper jury argument.

The record shows that during the state's opening jury argument, at the guilt-innocence stage of the trial, the following occurred:

"(The Prosecuting Attorney) We couldn't bring you all of the circumstances surrounding the arrest.

"MR. FIERRA (Defense Counsel): Objection, Your Honor.

"THE COURT: Objection overruled."

An exception was then taken to the ruling of the court.

This court has held that somewhat similar arguments did not constitute reversible error: (1) when objections thereto were sustained and the jury instructed to disregard the same, e. g., Haywood v. State, Tex.Cr.App., 482 S.W.2d 855; Alexander v. State, Tex.Cr.App., 479 S.W.2d 44; Heartfield v. State, Tex.Cr.App., 470 S.W.2d 895; (2) when no objections were made to such argument, e. g., Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; Booty v. State, Tex.Cr.App., 456 S.W.2d 64; Van Bibber v. State, Tex.Cr.App., 371 S.W.2d 880; (3) when the objection was not timely made, e. g., Ricondo v. State, Tex.Cr. App., 475 S.W.2d 793; Bryant v. State, Tex.Cr.App., 455 S.W.2d 235; Meador v. State, 151 Tex.Cr.R. 53, 204 S.W.2d 628; (4) where the argument is shown to be a reasonable deduction from the evidence, e. g., Bourg v. State, Tex.Cr.App., 484 S.W.2d 724; Archer v. State, Tex.Cr.App., 474 S.W.2d 484; Mauldin v. State, Tex.Cr.App., 463 S.W.2d 10; (5) and, in *closing* argu-

ment when invited by the defendant's argument, e. g., Sennette v. State, Tex.Cr.App., 481 S.W.2d 827; Pierron v. State, Tex. Cr.App., 475 S.W.2d 775; Thomas v. State, Tex.Cr.App., 468 S.W.2d 90.

The state concedes that the "remark" was improper but argues that "No harm was done to appellant nor any benefit derived by the state." Reliance is had on Everett v. State, Tex.Cr.App., 218 S.W.2d 471, and Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548. Those cases are distinguishable.

In Everett v. State, supra, the complained of argument was: "Take the witness, Ernesto Everett, Jr., he is at the present time indicted for assault to murder on an officer." The evidence showed that such witness was in fact under indictment for the offense of assault to murder; however, there was no evidence that such assault was "on an officer". This court held that the objection to such argument should have been sustained, but held the error harmless and stated: "We are unable, however, to support the conclusion that this would or should reflect on anyone other than the witness himself."

In Vineyard v. State, supra, the defendant was on trial for the offense of assault to murder and the prosecuting attorney, in his argument, referred to the event as an "assassination". An objection was made and argument continued: "I should have said attempted assassination * * * This man, with the hot blood of his victim dripping from his knife, standing there with his knife in his hand looking at his victim; * * * You can kiss this defendant and send him back to cut somebody else's throat, or you can send him to the penitentiary; * * * A citizen of your community, the superintendent of your school, assassinated and his throat cut * * * If this jury goes out and brings in a verdict of acquittal or not guilty in this case, I shall never hope hereafter to obtain a verdict of guilty before a jury in this county in any kind of a case." This court held that such argument was not reversible error stating:

"From the record before us we cannot say the argument complained of was unwarranted, or of such manifest harmful character as to demand a reversal."

There seems to be a growing tendency by the prosecutors to go outside the record in jury argument and then, on appeal, submit that such was not error; or, at most, harmless error. It may be well to re-examine the purpose of jury argument. In Pena v. State, 137 Tex.Cr.R. 311, 129 S.W.2d 667, at page 669, this court wrote:

"The object and principal purpose of an argument to the jury, as we understand it, is to aid and assist them in properly analyzing the evidence and arrive at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence. Nor should resort be had in argument to arouse the passion or prejudice of the jury by matters not properly before them."

In Andrews v. State, 150 Tex.Cr.R. 95, 199 S.W.2d 510, at page 514, this court stated:

"The purpose and object of arguments are to discuss the evidence and to assist the jury in arriving at a proper conclusion of the case from all of the facts and circumstances proven. Improper implications or vilifications are not conducive to the attainment of that object. We have time and again called attention of the prosecuting attorneys to the danger of departing from legitimate argument as it may result in great harm to the accused which will in such instance require a reversal of the case."

In the case at bar, the jury could logically surmise from the complained of argument that there was inadmissible evidence that, if revealed, would show them other acts committed by the appellant during the arrest that they should know about; thus, such additional evidence would justify a finding of guilty. We cannot say that such argument is harmless error. Woodard v. State, Tex.Cr.App., 368 S.W.2d 623; Bowers v. State, 171 Tex.Cr.R. 345, 350 S.W.2d

27; Spinks v. State, 157 Tex.Cr.R. 612, 252 S.W.2d 159. See also, 56 Tex.Jur.2d, Trial, Section 321 p. 680.

In view of our disposition of the cause on this ground of error, other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.