David **LOTT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46086.

Court of Criminal Appeals of Texas.

Jan. 3, 1973.

Rehearing Denied Feb. 21, 1973.

Joel Mitchell, Gibbons & Spivey, by Broadus A. Spivey, Austin, for appellant.

Robert Smith, Dist. Atty., Terry Scarborough, Michael J. McCormick and Larry Laden, Asst. Dist. Attys., Austin, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for possession of marihuana. Punishment was assessed by the jury at ten years.

We reverse this conviction because of improper jury argument. In the closing argument at the punishment stage of the trial, the prosecutor told the jury that:

"* * * there are different units in the Texas Department of Corrections, and, of course, we have the one unit for the young offenders, the first offenders, * * *"

and that appellant would be sent to "the Ferguson Unit, with young offenders * * *."

The state contends that this was in answer to appellant's argument wherein he stated:

"* * * Don't send this boy to the penitentiary where he may be taught to be a hardened or perhaps a professional criminal. Give him one more chance. * * *

"You have that choice (probation) on the one hand or on the other hand you can enter him by your verdict into the toughest and I use that word literally college ever conjured up in the mind of man, and the education administered there by the toughest men of the toughest society, that most inalienable or most alienable group of our society, and he is subjected to their teachings, and he will be turned loose on the community with what he has learned there."

True, the state was authorized, indeed even obliged, to answer such argument. But how did the prosecutor answer the same? He did so by making the above statements which were facts that were not in the record. Objections to the remarks were overruled.

In Verret v. State, Tex.Cr.App., 470 S. W.2d 883, this court held a similar remark not to be reversible error, stating: "While this argument should not have been made, *no objection was urged* * * *." (Emphasis supplied.)

In the recent case, Tex.Cr.App., Stearn v. State, 487 S.W.2d 734 (No. 45,400 Dec. 13, 1972) the prosecutor's argument went outside the record and, as in the instant case, the objection thereto was overruled. The conviction was reversed because of the improper argument. Therein we observed:

"There seems to be a growing tendency by the prosecutors to go outside the record in jury argument and then, on appeal, submit that such was not error; or, at most, harmless error."

See also, Thurman v. State, Tex.Cr.App., 382 S.W.2d 492; Ray v. State, 382 S.W.2d 270; Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575; Pena v. State, 129 S.W.2d 667.

Neither is the argument in the case at bar a legitimate answer to that made by appellant's counsel. Compare Sennette v. State, Tex.Cr.App., 481 S.W.2d 827, and cases cited therein. Nowhere does the record reflect that defense counsel made a reference to a particular unit of the Department of Corrections.

The complained of argument was improper and we cannot say the error was harmless error.

In view of our disposition of the case on this ground of error, other grounds will not be discussed.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

To better understand the possible effect of the argument upon which the majority reverses this conviction some of the facts will be discussed.

Officer Embert of the Department of Public Safety received information from a reliable informant that the appellant and another person called "Rich" were in possession of approximately a hundred pounds of marihuana in two suitcases in a pickup truck and that the two were to meet two other people near Lake Austin Inn to divide the marihuana. While keeping surveillance, the officers saw another pickup truck drive up. They then saw the appellant and another, later found to be Richard Ferguson, get out of a vehicle carrying two suitcases. They threw the suitcases into the camper shell of the vehicle that had just arrived. All of the men got in the camper and left. Officers pursued and arrested the four men on Enfield Road in Austin. A key which unlocked the two suitcases was found on the person of appellant. The two bags contained a total of seventy-two pounds of marihuana, enough to make over ninety-eight thousand cigarettes.

Before the prosecutor made the argument complained of at the penalty stage of the trial, counsel for appellant argued:

"Ladies and gentlemen, in summary we do live in a Christian society. It does teach forgiveness and it does teach help. Don't send this boy to the peniten-

tiary where he may be taught to be a hardened or perhaps a professional criminal. Give him one more chance.

"* * *

"You have that choice on the one hand or on the other hand you can enter him by your verdict into the toughest and I use that word literally college ever conjured up in the mind of man, and the education administered there by the toughest men of the toughest society, that most inalienable or most alienable group of our society, and he is subjected to their teachings, and he will be turned loose on the community with what he has learned there."

During the final argument of the prosecutor, the following occurred:

"Both Mr. Spivey and Mr. Mitchell made mention of the Christian Society, and that we are—by sending this young man to the penitentiary, you are going to make him a hardened criminal. And Mr. Spivey even goes so far as to say you are sending him to the toughest college of men and the toughest men of society; that you are going to make him a hardened criminal, is what they are telling you, by sending him to the penitentiary.

"Of course, in answer to that, what they failed to tell you is there are different units in the Texas Department of Corrections, and, of course, we have the one unit for the young offenders, the first offenders, and he will not be thrown in—

"MR. SPIVEY: Your Honor, this is outside of the evidence and improper argument, and I am precluded from answering.

"THE COURT: Ladies and Gentlemen, you are to take the evidence from the witness stand, and from that place alone; not from argument of Counsel.

"MR. SPIVEY: I ask that the jury be instructed to disregard that last argument of Counsel.

"MR. SCARBOROUGH: Your Honor, in answer to that, the attorneys have a right to answer arguments made by other Counsel.

"THE COURT: On that basis, I will not instruct the jury to disregard it.

"MR. SPIVEY: Note our exception.

"MR. SCARBOROUGH: You can consider that statement; and, in answer to his statement that he will be sent in with the toughest of all men, he will not. The Ferguson Unit, with the young offenders—

"MR. SPIVEY: Your Honor, excuse me; the District Attorney is now testifying when he says he will not.

"THE COURT: I overrule your objection.

"MR. SPIVEY: Note our exception.

"MR. SCARBOROUGH: I don't want to harp on that any more. I just wanted to answer his argument on that. . . ."

This argument does not state that the appellant would be sent to Ferguson unit. After the objection, the statement was never finished.

Counsel for the appellant went outside the record when he argued that the appellant would be thrown in with hardened criminals. Counsel for the State had a right to reply to that argument even if he went outside of the record.

It is a matter of common knowledge that there are hardened criminals in the penitentiary. It is also a matter of common knowledge that an attempt is made by the authorities of the Texas Department of Corrections to separate first offenders from hardened criminals.

Defense counsel argued that the appellant (if not granted probation) would be taught with hardened criminals. Counsel for the State argued that he would not. No error is shown in this reply.

The prosecutor further argued "he will not be thrown in with the toughest of all men." Apparently the majority does not consider this reversible error because it is in response to argument of defense counsel.

Why then does the majority reverse this conviction? Apparently upon the unfinished statement of the prosecutor, "The Ferguson Unit, with the young offenders ——."

The argument, in my opinion, cannot be construed as a statement that the appellant would be sent to any particular unit.

The record does not show what statement the prosecutor intended to make. Is the majority of this Court supplying what they assume the argument would have been and then reversing the conviction on that assumption?

In Sennette v. State, Tex.Cr.App., 481 S.W.2d 827 (Tex.Crim.App.1972), the prosecutor argued, "[f]irst timers aren't integrated with the hard core. I submit it's a reasonable deduction they're put on farms with other first offenders." Prior to that argument counsel for Sennette had argued, "[t]he less time he spends down there caged up with homosexual perverts, master criminals, the better off this boy's going to be. . . . "

This Court held the argument of the prosecutor was a legitimate answer to that of defense counsel.

Assuming the prosecutor made the argument attributed to him by the majority or assuming that the jury assumed that he was about to make such an argument, the Sennette case appears to be closer in point than any other case cited, but it is not being followed.

Verret v. State, Tex.Cr.App., 470 S.W.2d 883, held the argument that defendant would be sent to Ferguson Unit should not have been made but since no objection had been made the matter was not properly before us for review. See Johnson v. State, Tex.Cr.App., 467 S.W.2d 247; Thomas v. State, 468 S.W.2d 90, and Langham v. State, Tex.Cr.App., 473 S.W.2d 515. No case has been cited that holds such an argument to be reversible error.

The judgment should be affirmed.

## ON STATE'S MOTION FOR RE-HEARING

MORRISON, Judge (dissenting).

My brethren overrule the State's motion for rehearing without written opinion. To this action I dissent.

Upon reflection, I find myself in agreement with my brother Douglas that Sennette v. State, Tex.Cr.App., 481 S.W.2d 827, is most nearly in point. While I cannot condone the conduct of either party in going outside the record, I have concluded that the prosecutor's argument, upon which reversal was predicated, was invited. Sennette v. State, supra. I cannot conclude that the mere addition of the words "Ferguson Unit" by the prosecutor represents sufficient cause to distinguish the case from Sennette, supra.