**Ronald Morice HEFLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45350.**

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

Jordon, Ramsey & Bradley, by Scott Bradley, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of robbery and punishment was assessed at ten years' confinement.

Appellant alleges twenty-three grounds of error.

The basic facts are not in dispute. On October 8, 1968, appellant and a George Stephens drove to a liquor store in Dallas. Appellant remained in the truck while Stephens entered the store and robbed the store manager. The manager was ordered into a back room of the store. From there, he managed to fire a shotgun, striking Stephens in the stomach. Stephens dropped his pistol and fled, taking with him over $400.00 in cash. The store manager got off one shot at the escaping offenders' truck, knocking out the back window of the truck. Stephens, the actual robber, subsequently called an ambulance for himself and was taken to Parkland Hospital. There, he was interviewed by police and shortly thereafter, the police went to appellant's home where the truck was recovered and appellant was arrested.

■ In ground of error # 7, appellant challenges the sufficiency of the evidence. The victim named co-defendant Stephens as the man who entered the store and robbed him, and stated that he hit the back window of the escape vehicle. That same truck was later identified as belonging to appellant. Another witness testified that on the night of the robbery, appellant called him and asked him to come to his apartment. When the witness arrived at appellant's apartment, appellant told him he "had some trouble on his hands." Appellant then asked the witness to go get a shotgun out of his truck. The witness complied, noticing that the rear window had been shot out. Appellant then requested that the witness return to the truck, to see if he could find a pistol there. On the second trip to the truck, the witness was unable to find the pistol, but did find a sack of money and a fifth of whiskey.

Further, Stephens testified that he and appellant agreed to rob the store and that appellant stayed in the truck and kept the motor running while Stephens robbed the store.

The evidence is clearly sufficient to support the conviction.

■ In ground of error # 4, appellant complains that it was error for the court to admit testimony of a State's witness, a Dallas police officer, to the effect that he had traced the ownership of a vehicle based on its license plate registration and found that it belonged to appellant. Appellant urges that such testimony amounted to inadmissible hearsay. The record reflects the following colloquy:

"Q Was it the end result of your investigation, you and your colleagues, that this was the pickup truck that had been fired upon by this Mr. Beam back there at George's Liquor Store?

"A Yes, sir.

"Q Were you able to trace the ownership of that vehicle based on its license plates, registration and so forth to any certin owner?

"A Yes, sir.

"MR. BOYCE: We're going to object to this. It calls for a hearsay answer.

"THE COURT: Overruled on that.

"MR. BOYCE: Note our exception.

"Q (By Mr. Stauffer) You may answer.

"A Yes, sir, we were.

"Q Who did you determine to be the owner of that vehicle?

"A It was registered to a Ronald M. Hefley.

"Q Did you eventually locate this Ronald M. Hefley?

"A Yes, sir, we did."

The question to which appellant objected did not call for a hearsay answer and the witness was properly allowed to respond. Thereafter, no objection was voiced to an inquiry of the witness as to who he determined to be the owner of the vehicle. There was no error preserved for review. See Webb v. State and cases cited therein, 480 S.W.2d 398 (Tex.Cr.App.1972) reversed on other grounds, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972).

■ In appellant's ground of error # 18, he alleges that the prosecutor committed reversible error in his argument during the punishment stage of the trial. The pertinent argument is as follows:

"Do you think he'll ever go back [to school]? No. You put him at the State Department of Corrections at Huntsville and they're not going to put a first offender with hardened criminals.

"MR. BOYCE: We object to that. They certainly do.

"THE COURT: I will overrule the objection.

"MR. BOYCE: Note our exception."

Recently, this Court has been faced with numerous complaints of improper prosecutorial arguments. We have admonished prosecutors to stay within the record. Washington v. State, 488 S.W.2d 445 (Tex. Cr.App.1972); Hodge v. State, 488 S.W.2d 779 (Tex.Cr.App.1972). We have recently reversed cases because of such arguments. See especially, Lott v. State, 490 S.W.2d 600 (Tex.Cr.App.1973), wherein the prosecutor told the jury that the appellant would "be sent to 'the Ferguson Unit, with young offenders * * *.'" See also Stearn v. State, 487 S.W.2d 734 (Tex.Cr.App.1972).

Although we do not find the argument in the present case to be reversible, our holding should not be interpreted as weakening these previous decisions in any manner. We simply find that in the instant case, the prosecutor's argument was invited by defense counsel. The record reflects that appellant's counsel, in a plea to the jury for probation, stated:

"What do they do when they send a man to prison? First, they take away his name and give him a number. He's no longer an individual. Take away—take him away from the normal environment of friends and loved ones. They deprive him of female companionship and they put them in steel cages like animals in a zoo and they herd them around during the day and they give them jobs to do and all this, *in the company of hardened criminals.*" (Emphasis supplied)

Therefore, we cannot say that the prosecutor's statement, though unsworn testimony, was not invited. See Sennette v. State, 481 S.W.2d 827 (Tex.Cr.App.1972).

■ Appellant's grounds of error # 1 and # 2 consist of one-sentence allegations, and are not argued or briefed. These points will not be reviewed. Art. 40.09, Vernon's Ann.C.C.P.; Thompson v. State, 480 S.W.2d 624, 630 (Tex.Cr.App.1972).

In addition, appellant's grounds of error # 3, # 5, # 6 and # 23 all allege claimed reversible errors, but we note that in each instance, no objection was made at the trial level. Similarly, appellant's remaining grounds of error, numbers 8 through 22 refer to statements made by the prosecutor during argument, and no objections were ever voiced at the trial. Since the trial judge was never given an opportunity to rule on these points, nothing is presented for this Court to review. e. g. Green v. State, 488 S.W.2d 805 (Tex.Cr.App.1972).

The judgment is affirmed.

ONION, P. J., not participating.