Charles Henry CANNON, Appellant,

v.

The STATE of Texas, Appellee.

No. 68328.

Court of Criminal Appeals of Texas,
En Banc.

April 11, 1984.

Larry E. Meyer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., W. Palmer Kelly, and J. Brian Rains, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

Appeal is taken from a conviction for aggravated robbery. See V.T.C.A. Penal Code Sec. 29.03. Punishment was assessed at ten years confinement in the Texas Department of Corrections.

In five grounds of error, appellant urges: he was denied effective assistance of counsel; the trial court allowed improper jury argument; the trial court impermissibly commented on the weight of the evidence; and, the trial court erred in denying him access to a written report used by a witness for the State. We affirm.

At the trial on the merits, the complaining witness, Charles Cooley, testified that he was robbed at gunpoint by appellant. He stated that appellant had worked for him prior to the offense for a period of two months, and that he had fired appellant. Cooley testified he recognized appellant im-

mediately, since appellant had worked directly under his supervision.

Appellant testified he was at another location, Le Que pool room, at the time of the offense. He presented no other alibi witness, however, and testified that he did not know the names of any alibi witnesses. Appellant's counsel testified that appellant had indeed informed him there were alibi witnesses, but had told him that they would not be cooperative should he try to question them. The record does not reflect whether appellant's counsel was made aware of the names of any potential alibi witnesses.

After the trial on the merits, the trial court granted appellant's counsel leave to withdraw from the remainder of the case because appellant desired to urge ineffective assistance of counsel during post-trial proceedings. The trial judge then appointed attorney Larry Meyer to pursue post trial matters. Meyer filed a motion for a new trial, contending that trial counsel had been ineffective, therefore violating appellant's right to counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. After several hearings, the trial judge overruled the motion for new trial and sentenced appellant.

Appellant subsequently filed a "Motion to Reopen Hearing" based on the affidavit of an alibi witness whose whereabouts were alleged to be unknown prior to trial or prior to the hearings on the motion for new trial. The motion to reopen was summarily denied by the trial court.

■ Right to counsel has been interpreted to mean the right to reasonably effective assistance of counsel. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). This does not guarantee the accused errorless representation, but instead affords him an attorney "reasonably likely to render and rendering reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592 (5th Cir.1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App. 1974).

 The burden of proving ineffective assistance of counsel falls on the appellant. *United States v. Killian,* 639 F.2d 206 (5th Cir.1981), cert. denied 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 *Marino v. United States,* 600 F.2d 462 (5th Cir.1979). Such a contention must be proven by a preponderance of the evidence. *Marino,* supra. In determining whether there was ineffective assistance, the trial as a whole must be looked at—not isolated incidents of counsel's performance. *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977).

At the hearings on the motion for new trial, appellant insisted that trial counsel met with him prior to trial only twice, both for short periods of time. Trial counsel testified at the hearing that his first visit with appellant lasted from one-half hour to one and a half hours, while the second visit was "substantially lengthy."

Appellant asserted that he knew the first names of three alibi witnesses, but that trial counsel would not listen to him and "cut him off." He had testified at trial, however, that he did *not* [1] know the names of the alibi witnesses.

Trial counsel admitted at the evidentiary hearing that he had not questioned any alibi witnesses, but added that appellant, when asked, could not give him the witnesses' names nor any identifying characteristics which would assist him in locating them [2]. He testified that he reviewed the entire contents of the State's file and discussed numerous aspects of the defense with appellant.

Two of the three "alibi" witnesses testified. The first, an employee at Le Que, said she could not positively remember seeing appellant on the day in question. Asked if she had any specific memory about the day of the offense, she replied, *"None whatsoever."*

The second "alibi" witness who testified was the manager of Le Que. He stated appellant "looked familiar" to him but that he was not too "positive" about recognizing him. He likewise had *no recollection* whether he saw appellant during the time the offense took place.

An investigating officer testified that appellant told him he *had* been at the scene of the robbery on the day in question, looking for a job. The officer testified appellant never mentioned being at Le Que on the date of the offense.

 We decline to question trial counsel's tactical decisions, such as taking the stand to testify appellant *had* mentioned to him that there were other people with or near him at the time of the offense. *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App. 1981); *Blott v. State,* 588 S.W.2d 588 (Tex. Cr.App.1980); *Ex parte Ewing,* 570 S.W.2d 941 (Tex.Cr.App.1978). Furthermore, it is clear that the two witnesses who testified at the evidentiary hearing could not have aided appellant in his alibi defense. As such, failure to call them at the trial on the merits was not a denial of representation. *Mays v. Estelle,* 610 F.2d 296 (5th Cir. 1980); *Thomas v. Estelle,* 588 F.2d 170 (5th Cir.1979). In addition, because appellant did not describe the witnesses with reasonable particularity, it was not ineffective assistance for trial counsel not to seek them out to investigate them. See *Rummel v. Estelle,* 590 F.2d 103 (5th Cir.1979), cert. granted 441 U.S. 960, 99 S.Ct. 2403, 60 L.Ed.2d 1064, on remand 498 F.Supp. 793; *Gomez v. Beto,* 462 F.2d 596, 597 (5th Cir.1972). We find that appellant received reasonably effective representation.

Appellant next contends the trial court committed reversible error in overruling his motion for mistrial after allegedly improper jury argument by the prosecutor. The argument complained of follows:

"First of all, I would like to thank you for your time and the attention that you have put into this case. It hasn't been a very long case and it probably could have

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Trial counsel testified the only identifiable characteristics given him were that the witnesses were "black customers of Le Que" pool hall.

been just one witness, it could have been Mr. Charles W. Cooley who would come to the stand and say, 'It was this man that robbed me at gunpoint.' And let me tell you what Mr. Cooley asked me yesterday. He said, 'Who's on trial here?' That's what Mr. Cooley said."

Trial counsel timely objected to this argument and was sustained. The prosecutor was warned by the court to "stay within the testimony." Trial counsel moved for a mistrial and was overruled.

 Proper jury argument must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980). Error exists when facts not supported by the record are interjected. *Berryhill v. State*, 501 S.W.2d 86 (Tex.Cr.App.1973). However, such error is not reversible unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial. *Todd*, supra, at 297.

 Clearly, any non-testimonial statement made by Cooley to the prosecutor was outside the record and was improper. We are faced with the determination, however, of whether such was harmful to appellant. *Todd*, supra.

Mr. Cooley was the only eye-witness for the State. Since no fingerprints or other tangible evidence was obtained from the scene of the crime, the State's case against appellant depended largely upon Cooley's ability to recount the events. Appellant's defense centered around his alibi theory and tended to discredit Cooley's account of the incident. Although the argument did attempt to rehabilitate Cooley by interjecting facts outside the record, there is a lack of harm shown when viewing the totality of the facts and the arguments of the parties.

 Appellant next contends the trial court "committed reversible error by violating the presumption of appellant's innocence, and commenting on the weight of the evidence, in that the court's jury verdict form listed 'Guilty' prior to 'Not Guilty' and thereby suggested appellant's guilt to the jury." Since there was no contemporaneous objection made at the time the charge was prepared, any alleged error is waived and nothing is presented for review.

Appellant next contends that the trial court committed reversible error by denying him access to an offense report of a state's witness during cross-examination for purposes of impeachment and in "failing to incorporate a sealed copy of the offense report into the record." We note at the outset that a sealed copy of the officer's report has been included in the record on appeal, thereby rendering this latter contention moot.

An examination of the officer's testimony reveals trial counsel cross-examined him concerning one aspect of the offense report, asking him to "refer to the report." The witness undisputedly authored the report. See *Gaskin v. State*, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (Tex.Cr.App.1961). At no time during cross-examination, however, did trial counsel *request* to inspect the report. After this examination and some brief redirect testimony, trial counsel stated, "Nothing further of this witness," whereupon the officer was excused and the state rested its case. It was not until the next day of the trial that trial counsel asked to see the report.

 On appeal, appellant contends the trial court violated the rule set forth in *Gaskin*, supra, by refusing the request. Had the request been timely, the trial court would have been in error in its denial. *Gaskin*, supra. However, because trial counsel stated he was finished with the officer, and waited until after the officer was excused and the state had rested, he was not entitled to the report at that time. See *Adams v. State*, 577 S.W.2d 717 (Tex. Cr.App.1978), cert. granted 444 U.S. 990, 100 S.Ct. 519, 62 L.Ed.2d 419; *Mendoza v.*

*State,* 552 S.W.2d 444 (Tex.Cr.App.1977). We overrule appellant's contention.

The judgment of the trial court is affirmed.

TEAGUE, J., concurs in this opinion.

CLINTON, Judge, dissenting.

This is an appeal from a conviction for aggravated robbery in which the punishment assessed was ten years confinement.

In his second ground of error, appellant contends the prosecutor committed reversible error by arguing to the jury a fact not in evidence which was inflammatory and prejudicial. I agree and would reluctantly reverse.

The State's case against appellant consisted of nothing more than the eyewitness identification of him by the robbery victim. Since appellant had worked for Mr. Cooley approximately one year prior to the robbery, Cooley's identification of him was perhaps more convincing than the average eyewitness testimony. It might be therefore understandable that it was thought to be unnecessary to dust for appellant's fingerprints on the door knob Cooley told the police the robber touched, to place appellant in a corporal lineup for Cooley's identification when he was arrested two days after the offense, or to retrieve the bullet apparently lodged between the wall and the building structure Cooley reported had been fired by the perpetrator, or to have any other crime scene work done in the case.

By the same token, it seems understandable that the defensive tactic pursued was to vigorously cross-examine Cooley and the State's two law enforcement witnesses regarding the State's case, including discrepancies in testimony [1] and the fact it consisted of nothing corroborative of Cooley's word, then place the accused (who had never been convicted of a felony) on the stand to give his version of his activities at the time of the robbery.

The parties having thus joined the dispositive issue in the case, it could have been hardly surprising to the State (after waiving opening argument) that defense counsel proceeded to dwell in what the State had *failed* to show, then zeroed in on the only evidence the State had: Cooley's identification.

The effectiveness of counsel's argument is plain even from the cold record before us. Therefore, the fact that the prosecutor reacted is not surprising either. But unfortunately, his reaction found its way into his opening statement to the jury:

"May it please the Court, Mr. Wilson, Ladies and Gentlemen of the jury.

First of all I would like to thank you for your time and the attention that you put into this case. It hasn't been a very long case and it probably could have been just one witness, it could have been Mr. Charles W. Cooley who would come to the stand and say, 'It was this man that robbed me at gunpoint.'

*And let me tell you what Mr. Cooley asked me yesterday. He said, 'Who's on trial here?' That's what Mr. Cooley said."* [2]

Appellant's objection was sustained, the prosecutor was instructed to "stay within the testimony," but a motion for mistrial was overruled.

In *Todd v. State,* 598 S.W.2d 286 (Tex.Cr. App.1980) we observed that a two step analysis has coalesced for determining whether a particular jury argument requires reversal of a conviction. First, it must be determined whether the argument falls within the legitimate areas of oral advocacy: (1) summation of the evidence; (2) reasonable deduction or inference from

---

1. For example, Cooley testified on direct that the robber had taken a total of $360.00 or $370.00, including two one hundred dollar bills and one fifty dollar bill.

The investigating officer, however, testified on cross-examination that Cooley had reported $330.00 missing but was unable to give any information regarding the denominations of the currency.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

the evidence; (3) answer to argument of opposing counsel; and, (4) plea for law enforcement. Second, if the argument does *not* fall within, and in fact "exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial proceeding. *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App.1977); *Thompson v. State*, 480 S.W.2d 624 (Tex.Cr.App. 1972)." *Todd*, supra, at 297.

Applying this analysis to the instant case, I initially agree agreement with the trial court that the prosecutor's informing the jury of a statement by his main witness made to him "yesterday" is outside the record. But the State, (while conceding this) contends the remark "was a reply to" and in "rebuttal of" appellant's "effort in argument to show poor and incomplete police work," citing *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). In sum, the State contends the remark was "invited" by defense counsel and directs us to "see *Jones v. State*, 582 S.W.2d 129" (Tex.Cr. App.1979).

The State's argument illustrates the erroneous notion that a perfectly proper argument can "invite" a "reply" by the prosecutor which is outside the record. Contrary to this notion, the case cited by the State makes it clear that an argument which is otherwise improper may be justified and therefore legitimate, only if made in reply to an *improper* argument by opposing counsel:

"The *arguments by both parties* as to what could or could not be done with the unidentified fingerprint *were outside the record.* Appellant is correct that it is improper for the prosecution, in argu-

ment, to refer to matters outside the record. However, in the instant case, the prosecutor's argument was invited by defense counsel. If an argument is invited, then it is not improper and, therefore, does not constitute error. [Citations omitted.]" [3]

See also *Todd*, supra; *Rodriguez v. State*, 520 S.W.2d 778 (Tex.Cr.App.1975); *Hill v. State*, 518 S.W.2d 810 (Tex.Cr.App.1975) (Odom, J., concurring); and see, e.g., *Mays v. State*, 563 S.W.2d 260 (Tex.Cr.App.1978); *Hefley v. State*, 489 S.W.2d 115 (Tex.Cr. App.1973); *Turner v. State*, 482 S.W.2d 277 (Tex.Cr.App.1972); *Sennette v. State*, 481 S.W.2d 827 (Tex.Cr.App.1972); *Pierron v. State*, 475 S.W.2d 775 (Tex.Cr.App.1972); *Thomas v. State*, 468 S.W.2d 90 (Tex.Cr. App.1971).

Here, defense counsel had argued nothing other than evidence adduced during trial: no lineup was conducted; no fingerprint or other crime scene evidence had been collected; no gun was recovered.[4] Then, making inferences from that evidence, defense counsel merely observed the State had brought in no physical evidence connecting appellant to the offense; therefore, the State's entire case was based on Cooley's identification. But defense counsel did not make a personal attack on Cooley, his veracity or his intentions. Instead, counsel suggested Cooley was making an honest mistake in believing the robber had been appellant, just as he had made errors concerning the denominations of the currency taken in the robbery.[5] (Appellant had testified under the *State's* crossexamination that Cooley had once before failed to recognize him when he had come into the shop out of his work uniform.)

Thus, the State's contention that the above wholly legitimate argument by de-

---

**3.** *Jones*, supra, at 135.

**4.** Compare *Hill v. State*, 518 S.W.2d 810, 812, n. 1 (Tex.Cr.App.1975).

**5.** Counsel told the jury:
"Well, this case—not that Mr. Cooley is lying, but because I don't think Mr. Cooley would come in here and intentionally point out Charles Cannon and say that's the man that robbed me, as a lie. I don't think he did that. *I think he honestly believes that Charles Cannon is the man that robbed him, but he is wrong.* Just like he told Officer Rodrigues he couldn't recall the denominations of the money."

fense counsel justified a response outside the record, is untenable.

Having concluded the argument complained of constituted error, I now turn to a determination of the second step of our analysis: whether the error requires reversal in this case.

Analysis of this question requires consideration of not only the record as a whole, including the facts adduced, the issues involved, the nature of the offense and the verdict,[6] but also the possibility that the conviction resulted from passion or prejudice engendered by the argument,[7] or from the jury's consideration of matters other than evidence duly processed according to law.[8] Clearly, the harm or lack thereof attending any given argument can never be determined by considering the argument in a vacuum. It follows that a patently egregious argument might be rendered harmless by other attributes of the case such as overwhelming evidence or the failure of the argument to touch a material issue. See, e.g., *Hill,* supra, (Odom, J., concurring) (Roberts, J., concurring). Conversely, the very argument which appears innocuous in one case might constitute reversible error in another. In sum, this determination can only be made case by case. *Mayberry v. State,* 532 S.W.2d 80 (Tex.Cr.App.1976).

Standing alone, the improper argument complained of here does not appear to be particularly extreme, and no doubt would not require reversal if repeated in some other cases. However, as chronicled above, the only real issue in *this* case was whether the jury believed beyond a reasonable doubt that a man all parties agreed was upstanding, was correct in identifying the accused as his assailant. Thus, the

prosecutor's informing the jury that the complainant had asked him, "Who's on trial here?" injected inadmissible information into the proceeding which had the effect of bolstering the credibility of the very witness whose credibility was in question. Moreover, this new information inferentially indicted defense counsel for utilizing improper tactics in the defense of appellant, when, in fact, his technique was beyond reproach. And finally, interjection of the complainant's query was calculated to operate on the emotions of the jury by castigating an inclination any juror might harbour to believe appellant or reasonably doubt the accuracy of his identification as the robber by the witness Cooley.

More than ten years ago the Court was constrained to note the "growing tendency by prosecutors to go outside the record in jury argument and then, on appeal, submit that such was not error...." *Stearn v. State,* 487 S.W.2d 734, 736 (Tex.Cr.App. 1972). The purpose of jury argument was reiterated, quoting from *Pena v. State,* 137 Tex.Cr.R. 311, 129 S.W.2d 667, 669 (1939), as follows:

"The object and principle purpose of an argument to the jury, as we understand it, is to aid and assist them in properly analyzing the evidence and arriv[ing] at a just and reasonable conclusion *based on the evidence alone, and not on any fact not admitted in evidence. Nor should resort be had in argument to arouse the passion or prejudice of the jury by matters not properly before them.*"

487 S.W.2d at 736.

If the prosecutor is so convinced of the credibility of his sole eyewitness that he chooses to hinge a conviction on it alone

---

**6.** *Fowler v. State,* 500 S.W.2d 643 (Tex.Cr.App. 1973); Douglas, J., dissenting); *Gatlin v. State,* 113 Tex.Cr.R. 247, 20 S.W.2d 431 (1929); see also *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); and *Houston v. Estelle,* 569 F.2d 372 (5 CA 1978).

**7.** *Blansett v. State,* 556 S.W.2d 322 (Tex.Cr.App. 1977); *Mayberry v. State,* 532 S.W.2d 80 (Tex.Cr. App.1976) (Opinion on State's Motion for Rehearing); *Hodge v. State,* 488 S.W.2d 779 (Tex. Cr.App.1973).

**8.** *Turrentine v. State,* 536 S.W.2d 219 (Tex.Cr. App.1976); *Renn v. State,* 495 S.W.2d 922 (Tex. Cr.App.1973); *Cazares v. State,* 488 S.W.2d 110 (Tex.Cr.App.1972); *Pennington v. State,* 171 Tex. Cr.R. 130, 345 S.W.2d 527 (1961); *Porter v. State,* 154 Tex.Cr.R. 252, 226 S.W.2d 435 (1950); *Palmer v. State,* 148 Tex.Cr.R. 39, 184 S.W.2d 471 (1945).

without the necessity of bringing forth any other evidence connecting the accused to the offense, then, at a minimum, fairness requires the State must trust the jury to decide the question of guilt on that basis. Interjection of inadmissible facts which tend to divert the jury's attention from the issues properly joined should not be tolerated. *Stearn,* supra; *Pena,* supra.

In light of the evidence and the issues involved in the trial of this cause, prejudicial effect of the prosecutor's comment could not have been removed from the jury's consciousness;[9] accordingly, the trial court erred in overruling appellant's motion for mistrial.

The majority acknowledges the accuracy of the analysis I have explicated but then fails to apply it faithfully.

I dissent.

MILLER, J., joins.

---

9. See *Cook v. State,* 537 S.W.2d 258 (Tex.Cr.App. 1976); *Edmiston v. State,* 520 S.W.2d 386 (Tex. Cr.App.1975); *Boyde v. State,* 513 S.W.2d 588 (Tex.Cr.App.1974).