In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00091-CR


______________________________




JOHNNY LEE BAKER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fourth Judicial District Court


Rusk County, Texas


Trial Court No. CR08-085




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A Rusk County jury found Johnny Lee Baker guilty of felony driving while intoxicated
(DWI). Tex. Penal Code Ann. § 49.04 (Vernon 2003), § 49.09 (Vernon Supp. 2008). That same
jury assessed an enhanced punishment of fifty years' imprisonment. Baker now appeals, claiming
as his sole point of error that he received ineffective assistance of counsel. He contends that trial
counsel was ineffective by failing to subpoena a former jailer who could corroborate the testimony
of a jail trusty that Baker requested and was refused a breath test. 

I. INEFFECTIVE ASSISTANCE OF COUNSEL

 Baker bears the burden of proving, by a preponderance of the evidence, that trial counsel was
ineffective. Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). The standard for testing
claims of ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668
(1984).  To  prevail  on  such  a  claim,  an  appellant  must  prove  by  a  preponderance  of  the
evidence (1) that his or her counsel's representation fell below an objective standard of
reasonableness and (2) that the deficient performance prejudiced the defense. Id. at 689; Rosales v.
State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must prove
that the attorney's representation fell below the standard of prevailing professional norms and that
there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would
have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Mata v. State, 226
S.W.3d 425, 429 (Tex. Crim. App. 2007). Under this standard, a claimant must prove that counsel's
representation so undermined the proper functioning of the adversarial process that the trial cannot
be relied on as having produced a just result. Strickland, 466 U.S. at 686. Failure to satisfy either
prong of the Strickland test is fatal to the claim. Jaubert v. State, 74 S.W.3d 1, 9 (Tex. Crim. App.
2002).

 We evaluate counsel's performance while taking into consideration the totality of
representation and the particular circumstances of this case. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell within the wide
range of reasonable professional assistance. Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. 
Therefore, we will not use hindsight to second-guess counsel's trial strategy. Hall v. State, 161
S.W.3d 142, 152 (Tex. App.--Texarkana 2005, pet. ref'd). Instead, we look to the record. (1) Any
allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App.
2005); Thompson, 9 S.W.3d at 813; Smith v. State, 51 S.W.3d 806, 813 (Tex. App.--Texarkana
2001, no pet.).

II. DISCUSSION 

 A. Deficient Performance

 The record suggests that trial counsel did attempt to investigate the testimony the former
jailer would have provided. She had some difficulty in locating him, having contacted two former
employers to no avail. Eventually, she learned that the former jailer was in Arizona. Trial counsel
unsuccessfully moved for a continuance on that basis. She explained to the trial court her efforts in
trying to investigate the nature of the testimony the former jailer would provide. The State stipulated
as to the portion of the investigation in which it participated and expressly offered no objection to
her account of the efforts she made. We note that trial counsel was appointed March 14, 2008, and
trial was held April 9, 2008. During that approximately three weeks, trial counsel attempted to
locate the former jailer locally, finally discovered that he had moved to Arizona, but was unable to
secure his presence at trial. 

 We cannot conclude from this record that Baker has shown that trial counsel's efforts to find
the former jailer, efforts made during the three weeks between appointment and trial, fell below an
objective standard of reasonableness. (2)

 B. Prejudice

 Baker's claim would also fail under the second prong of the Strickland test. A jail trusty
testified that he heard Baker request a breath test and heard officers refuse to give him one. While
we are aware of the credibility issues that are sometimes involved with the testimony of inmates, we
note that similar credibility concerns would have been involved with the former jailer's testimony
considering the State's evidence that would have established that he was terminated from his job for
untruthfulness.

 Further, duplicate testimony that Baker requested and was refused a breath test is only
slightly relevant on the issue of whether Baker was intoxicated, not nearly to the degree that its
absence undermines our confidence in the verdict. See Mata, 226 S.W.3d at 429. Even taken as
true, this testimony would only provide more evidence that Baker believed he was not intoxicated. 
In other words, even if the jury heard more testimony on the alleged refusal of Baker's request for
a breath test, that fact alone would not exonerate him.

III. CONCLUSION

 Baker has failed to satisfy his burden of proving, by a preponderance of the evidence, that
trial counsel was ineffective under the standard set out in Strickland. The record does not show that
trial counsel's representation fell below an objective standard of reasonableness. Further, even if trial
counsel's performance had been deficient, Baker cannot show that the deficient performance
prejudiced his defense when the testimony of which he complains would have been cumulative,
easily impeached, and only marginally relevant to an issue not directly related to the elements of the
offense charged. We overrule Baker's point of error and affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: October 2, 2008

Date Decided: November 18, 2008


Do Not Publish
1. We note that when, as here, ineffective assistance is raised on direct appeal, appellate
counsel and the appellate court must proceed on a trial record not developed for the object of
litigating or preserving the claim and thus often incomplete or inadequate for this purpose. Freeman
v. State, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003); Fuller v. State, 224 S.W.3d 823, 828-29
(Tex. App.--Texarkana 2007, no pet.); cf. Massaro v. United States, 538 U.S. 500, 504-05 (2003). 
Nonetheless, some claims may be disposed of on direct appeal where "trial counsel's ineffectiveness
is so apparent from the record." Massaro, 538 U.S. at 508; Freeman, 125 S.W.3d at 506; see also
Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005); Thompson, 9 S.W.3d at 814 n.6.
"[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance
falls below an objective standard of reasonableness as a matter of law, regardless of whether the
record adequately reflects the trial counsel's subjective reasons for acting as she did." Andrews, 159
S.W.3d at 102. A claim of ineffective assistance of counsel, on an undeveloped record on direct
appeal, should, nonetheless, "be entertained and upheld if supported by the record." Fuller, 224
S.W.3d at 828-29; see also Oldham v. State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998). If the
record on direct appeal is inadequate, habeas corpus is the more appropriate avenue for developing
the record on this issue. Moore v. State, 227 S.W.3d 421, 426 n.1 (Tex. App.--Texarkana 2007, pet.
ref'd). Moreover, if the appellate court can imagine a strategic motive to explain the ineffective
assistance claim, then the reviewing court may not sustain the appellant's point of error. Freeman,
125 S.W.3d at 511 (citing Bone v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002)).
2. The State made a record on its reasons for opposing the motion for continuance, challenging
the materiality of the former jailer's testimony by calling the former jailer's former supervisor, who
explained that the former jailer had lied to her and another supervisor concerning his reasons for
missing work. These allegations of untruthfulness are an important consideration. It is conceivable
that trial counsel would have opted not to call the jailer so as to avoid the State's likely impeachment
of the jailer with those allegations, a conceivably reasonable strategy in avoiding calling an easily
impeached witness to testify on a matter that was already before the jury and ultimately not directly
related to an element of the offense charged.