IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00152-CR

 

Alejandro Garcia,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 08-00711-CRF-85

 



MEMORANDUM  Opinion



 

Appellant,
Alejandro Garcia, was charged by indictment with aggravated robbery, a
first-degree felony.  See Tex.
Penal Code Ann. § 29.03(a)-(b) (West 2011).  Garcia pleaded guilty to
the charged offense, and, after a jury trial on punishment, he was sentenced to
twenty-four years’ incarceration in the Texas Department of Criminal
Justice—Institutional Division (“TDCJ”).  By one issue, Garcia argues that his
trial counsel was ineffective because trial counsel asserted that Garcia should
receive probation when, in fact, Garcia was not eligible.  We affirm.

I.      
Background

 

Without the benefit of an agreement with
the State, Garcia pleaded guilty to the charged offense of aggravated robbery. 
See id.  During the punishment hearing, the jury heard evidence linking
Garcia to the alleged robbery of Sajid Butt at Nick’s One Stop Food Store in
Bryan, Texas, and implicating him in several other robberies transpiring at
different locations in Bryan around the same time as the alleged robbery.[1] 
Garcia testified on his own behalf and admitted to having participated in the
robbery alleged in the indictment; however, he denied the other robberies in
which he was implicated.  Later, Garcia acknowledged that he had previously
received a five-year sentence for felony driving while intoxicated (“DWI”),
which was a “third DWI [that] got enhanced.”  Garcia denied being sentenced to
prison but stated that he “paroled out” in Brazos County.  This admission
stunned Garcia’s trial counsel.  Nevertheless, Garcia’s trial counsel tried to
de-emphasize the effects of Garcia’s admission by questioning Garcia about what
he did after the alleged robbery transpired.  Garcia testified that he went to
look for his co-conspirator in the robbery, David Segovia.  When he could not
find Segovia, Garcia went to visit family in Laredo, Texas.  Garcia’s family
convinced him to turn himself in rather than flee to Mexico.  Garcia turned
himself in because his “mama raised [him] better than that.  She advised [him]
that [he] had to face up to what [he] did.”  Garcia’s trial counsel then questioned
Garcia about several accomplishments he achieved while in prison, including the
receipt of his GED; the completion of anger management, parenting, job-skills,
Alcoholics Anonymous, and substance-abuse classes; and the receipt of a
certificate of recognition for the “World Bible Correspondence Course.”

On cross-examination, however, Garcia
admitted to lying to family members about going to the hospital for an alleged
gun-shot wound received around the same time as the aggravated robbery in this
case and to law enforcement about the incident in this case.  Garcia also
acknowledged that he has a drinking problem; that he has been arrested and
convicted for DWI several times; that he has been convicted of possession of
fifty to 2,000 pounds of marihuana, which was apparently reduced to a class A
misdemeanor offense, in Houston, Texas; and that he has been convicted of the
misdemeanor offense of failing to stop and give information after causing an
accident in Portland, Texas.

            On re-direct examination,
Garcia’s trial counsel once again asked Garcia about his prior felony
conviction; the following exchange occurred:

[Garcia’s trial counsel]:       Okay. 
Now, when you and I were discussing whether you’d ever been convicted of a
felony or not, did you misunderstand my question or not—not know what I was
talking about?

 

[Garcia]:                                 Like
I said, probably.  I mean, I had—I had gotten my five-year sentence on that,
but I had paroled out already so . . .

 

Q:                                            Okay. 
Now—

 

A:                                            I
would also like to add that I had already told my previous lawyer before you
the same thing.

 

Q:                                            Did
you believe somehow that because you hadn’t actually been to the penitentiary
it wasn’t a felony conviction?

 

A:                                            Like
I said, I had never really been to the penitentiary, been locked up this long
so I don’t really—don’t . . .

 

Q:                                            Okay. 
Alejandro, you could have denied that you’d ever had that conviction, couldn’t
you?

 

A:                                            Yes. 
Yes, sir.

 

Q:                                            Instead
you told the truth; is that correct?

 

A:                                            Yes,
sir.

 

Q:                                            Have
you told the truth about everything else you’ve testified to?

 

A:                                            Yes,
sir.

 

            Later, the State introduced
a certified copy of Garcia’s application for probation in which he certified,
under penalty of perjury, that he had not been previously convicted of a felony
and was, therefore, eligible for probation.  Garcia admitted that he did not
read the document and only signed it because a representative from Garcia’s
trial counsel’s office told him to sign it.  Garcia noted that he was not
trying to be deceptive when he signed the application for probation.  However,
Garcia stated that he told his first attorney about the felony DWI conviction
but that he did not tell his current trial counsel.  Garcia assumed that his
current trial counsel “got the paperwork from my other attorney . . . .” 
Finally, Garcia testified that he observed voir dire, heard counsel explain
that one is eligible for probation if he has never been convicted of a felony,
and understood what that meant.

            During closing argument,
Garcia’s trial counsel stated that:

Ladies and gentlemen of the jury,
through the years I’ve had some embarrassing things happen to me in the
courtroom.  I was very chagrined and very embarrassed to find out that my
client—the first time I found that out was today when he was on the witness stand
that he had a prior felony conviction; therefore, he’s ineligible for probation
after I spent so much of my time and your time talking to you about that.

            

            . . . .

 

Obviously[,] if we’d known or if I had
known what the situation was, I wouldn’t have done it like that.  What I would
urge you to do is whatever hostility or misgivings that scenario gives you, I’d
urge you to blame me for not doing a better job of communicating with my
client.  Don’t hold it against him.

 

            . . . .

 

Fortunately[,] in this case[,] no one
sustained a bodily injury as a result of Alejandro’s participation in this
crime.  I would submit to you that based on that, the range should move
somewhere to 25 to 50 years.

 

The jury ultimately assessed punishment
at twenty-four years’ incarceration in the TDCJ and imposed a $5,000 fine. 
This appeal ensued.

II.   
Standard of Review

 

The United
States Constitution, the Texas Constitution, and article 1.051 of the code of
criminal procedure guarantee an accused the right to reasonably effective assistance
of counsel.  See U.S. Const.
amend. VI; Tex. Const. art. I, §
10; Tex. Code Crim. Proc. Ann. art.
1.051 (West Supp. 2010); see also Strickland v. Washington, 466 U.S.
668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove ineffective assistance of
counsel, Garcia must show that:  (1) trial counsel’s representation fell below
an objective standard of reasonableness, based on the prevailing professional
norms; and (2) there is a reasonable probability that, but for trial counsel’s
deficient performance, the result of the proceeding would have been different. 
See Strickland, 466 U.S. at 687-95, 104 S. Ct. at 2064-69; Dewberry
v. State, 4 S.W.3d 735, 737 (Tex. Crim. App. 1999).  Whether this test has
been met is to be judged on appeal by the totality of the representation, not
by isolated acts or omissions.  Rodriguez v. State, 899 S.W.2d 658, 665
(Tex. Crim. App. 1995).  Garcia has the burden of proving ineffective
assistance of counsel by a preponderance of the evidence.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing Cannon v. State, 668
S.W.2d 401, 403 (Tex. Crim. App. 1984)).

            Our review of counsel’s
representation is highly deferential, and we will find ineffective assistance
only if Garcia overcomes the strong presumption that his counsel’s conduct fell
within the range of reasonable professional assistance.  See Strickland,
466 U.S. at 689.  The right to “reasonably effective assistance of counsel” does
not guarantee errorless counsel or counsel whose competency is judged by
perfect hindsight.  Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim.
App. 1983).  Moreover, the acts and omissions that form the basis of Garcia’s
claims of ineffective assistance must be supported by the record.  Thompson,
9 S.W.3d at 814.  A silent record which provides no explanation for counsel’s
actions usually will not overcome the strong presumption of reasonable
assistance.  Id. at 813-14.  To warrant reversal without affording
counsel an opportunity to explain his actions, “the challenged conduct must be
‘so outrageous that no competent attorney would have engaged in it.’”  Roberts
v. State, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

III. Analysis

 

By his only
issue on appeal, Garcia asserts that trial counsel was deficient for failing to
investigate his prior offenses and for indicating to the jury that Garcia was
eligible for probation when, in fact, Garcia was not eligible due to a prior
felony conviction for DWI.  Garcia alleges that counsel’s errors eroded
Garcia’s credibility before the jury and likely resulted in a higher sentence. 
Garcia also notes that his trial counsel’s errors forced him to perjure himself
in front of the jury.

At the outset of
our analysis, we note that the record on direct appeal is silent as to Garcia’s
trial counsel’s strategy; ordinarily, a silent record is insufficient to
establish the dual prongs of Strickland.  See Thompson, 9
S.W.3d at 813-14 (stating that “in the vast majority of cases, the undeveloped
record on direct appeal will be insufficient for an appellant to satisfy the
dual prongs of Strickland”); see also Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002); Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  Nevertheless, assuming without deciding that trial
counsel’s representation of Garcia fell below the standard of reasonable
professional assistance, as articulated in Strickland, we cannot say that
Garcia has adequately demonstrated that, but for trial counsel’s purported
errors, he would have received a reduced sentence.  See Strickland, 466
U.S. at 687-95, 104 S. Ct. at 2064-69; see also Dewberry, 4
S.W.3d at 737.  The justifications for this conclusion are threefold.

First, Garcia
was sentenced at the lower end of the punishment range corresponding to
first-degree aggravated robbery.  See Tex.
Penal Code Ann. §§ 12.32(a) (West 2011) (stating that the punishment
range for first-degree felonies is “for life or for any term of not more than
99 years or less than 5 years”), 29.03(b) (providing that, upon conviction for
the offense of aggravated robbery, a defendant is subject to the punishment
range corresponding to first-degree felonies).  Therefore, trial counsel’s
alleged errors do not appear to have inflamed the jury to enhance Garcia’s
punishment.  Second, the record contains evidence of Garcia’s numerous prior
criminal convictions and instances where Garcia lied to family members and law
enforcement; thus, Garcia’s argument that trial counsel’s errors resulted in a
critical lessening of Garcia’s credibility appears to be overstated given the
state of the record.[2] 
Third, the record reflects that neither the State nor defense counsel were
aware of Garcia’s prior felony DWI conviction and that, during closing
argument, Garcia’s trial counsel admitted that Garcia was not eligible for
probation, stated that Garcia and his trial counsel had a miscommunication
about Garcia’s eligibility for probation, and requested that the jury not hold
the error against Garcia.[3] 
These statements, coupled with the facts that Garcia voluntarily turned himself
in to law enforcement and his many accomplishments while incarcerated, could
have conceivably rehabilitated Garcia’s credibility so as to not leave the jury
with the impression that Garcia was deceptive in making his mistaken probation
request.  Regardless, other than inviting this Court to engage in conjecture
and speculation, Garcia does not adequately explain how trial counsel’s
purported errors resulted in an increased sentence.  See Ex parte Cash,
178 S.W.3d 816, 818-19 (Tex. Crim. App. 2005) (holding that a defendant cannot
satisfy the second prong of Strickland “based on pure conjecture and
speculation”) (citing Strickland, 466 U.S. at 693 (stating that it is
not enough for a defendant to show that counsel’s errors has some conceivable
effect on the outcome of the proceeding)); see also Mack v. State, No.
06-06-00222-CR, 2007 Tex. App. LEXIS 3765, at **5-6 (Tex. App.—Texarkana May
17, 2007, no pet.) (mem. op., not designated for publication).[4] 
Based on the foregoing, we conclude that Garcia failed to prove the second
prong of Strickland.  See Strickland, 466 U.S. at 687-95, 104 S.
Ct. at 2064-69; see also Dewberry, 4 S.W.3d at 737.  As a result,
we cannot say that Garcia satisfied his burden of proving his ineffective
assistance of counsel claims.  See Thompson, 9 S.W.3d at 813; see
also Cannon, 668 S.W.2d at 403. Accordingly, we overrule Garcia’s
issue.

IV. Conclusion

 

Having overruled Garcia’s sole issue on
appeal, we affirm the judgment of the trial court.

 

AL SCOGGINS

                                                                                    Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed July 20, 2011

Do not publish

[CR25]








 









[1] In open court, Ashley Elliott, formerly
a receptionist at the America’s Best Value Inn (“Inn”) in Bryan, identified
Garcia as one of the individuals who robbed the Inn on December 13, 2007, a few
days prior to the aggravated robbery in this case.  Elliott also identified
Garcia as one of the assailants from a photographic lineup conducted shortly
after the December 13, 2007 robbery took place.





[2] Garcia testified that during the first
hour of his interview with police, he denied any involvement in the incident in
question, though he later admitted to participating in the alleged aggravated
robbery in this case.

 





[3] Moreover, the record indicates that
Garcia’s trial counsel investigated Garcia’s criminal history and inquired
about Garcia’s drinking problem and prior DWIs. 

 





[4] With regard to the second prong of Strickland,
the Mack court noted the following:

 

Second, comparing the evidence against
Mack with the sentence that resulted, harm does not appear.  The State
presented evidence of “numerous thefts, resisting arrest, evading arrest,
criminal trespass, felony drugs, felony indecency with a child, bond jumping,
skipping out, basically a life of crime, as much of a career criminal as you’re
going to find.”  The state asked the jury to assess the maximum sentence of
twenty years; Mack urged the minimum of two years’, or, at most, five years’
confinement.  The jury assessed Mack’s punishment at ten years’ confinement, a
sentence in the middle of the range, closer to Mack’s suggested sentence, and
well below the maximum possible sentence.  We would only be speculating to
suggest that the result would have been any different in the absence of the
State’s objectionable conduct.  Mack may not meet his burden through conjecture
and speculation.  Mack has not established that counsel’s representation so
undermined the proper functioning of the adversarial process that the result
was unjust.

 

Mack
v. State, No.
06-06-00222-CR, 2007 Tex. App. LEXIS 3765, at **5-6 (Tex. App.—Texarkana May
17, 2007, no pet.) (mem. op., not designated for publication) (internal
citation omitted).