**Affirmed and Memorandum Opinion filed September 6, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00603-CR

---

**KRISTEN LACHELLE BONNEE, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

---

**On Appeal from the 337th District Court**
**Harris County**
**Trial Court Cause No. 1285410**

---

## MEMORANDUM OPINION

After being charged with theft from the elderly, and pleading guilty, appellant Kristen Lachelle Bonnee was convicted and sentenced to a term of imprisonment. In this appeal she asserts ineffective assistance of counsel below. We affirm.

I

Bonnee was a home-healthcare worker caring for Geraldine Weldman, a woman with numerous health problems who was 91 years old at the time of trial. Bonnee stole

almost $33,000 from Weldman over an eight-month period in 2009, emptying Weldman's bank accounts and forcing Weldman to move to a new apartment where her quality of life was greatly diminished. Bonnee was indicted for the theft of between $20,000 and $100,000 from an elderly individual, and the trial court properly admonished her on the applicable range of punishment: a fine of up to $10,000 and between two and twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Bonnee pleaded guilty and was sentenced to eighteen years in prison. She did not move for a new trial.

On appeal, Bonnee claims her trial counsel failed to communicate the State's plea-bargain offer of three years in prison. In her appellate briefing, she argues this is an offer she would have accepted. Her argument relies on two documents in the record: an Agreed Setting form filed February 18, 2011, and footnote 53 of an LSI-R[1] report the trial court relied on in assessing punishment. The Agreed Setting form is signed by Bonnee's attorney, the State's attorney, and the trial court, and indicates that Bonnee was offered a plea-bargain offer of three years in prison. Though several other Agreed Setting forms in the record were signed by Bonnee herself, the February 18 form is not. Instead, the words "In Custody" are handwritten in the space where her signature would be. Bonnee argues these documents show not only that her trial counsel failed to communicate a plea offer but also that had the offer been communicated, she would have accepted it. We conclude these documents establish neither fact.

The LSI-R report was based on an interview with Bonnee conducted on April 20, 2011. Footnote 53 purportedly explains the interviewer's opinion that Bonnee has a poor attitude toward impending sentencing. The document contains the notation: "states no amount of time was discussed w/her. thinks 4–5 yrs is fair. did not take $37k. changed

---

[1] An LSI-R is a Level of Service Inventory-Revised, a 54-item tool used to assess the risk of recidivism by criminal offenders. *See, e.g.*, Kevin S. Douglas & Jennifer L. Skeem, *Violence Risk Assessment*, 11 Psychol. Pub. Pol'y & L. 347, 352–53 (2005).

time frame to 5–10 yrs. hrs cut, no new patients. gr-father moved in w/her so she could care for him."

## II

An accused is entitled to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. See *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U.S. at 687; *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001). If a criminal defendant can prove that trial counsel's performance was deficient, she must still affirmatively prove that counsel's actions prejudiced her. *Thompson*, 9 S.W.3d at 812. To demonstrate prejudice, a defendant must establish a reasonable probability that the result of the proceeding would have been different if trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett*, 65 S.W.3d at 63.

When evaluating a claim of ineffective assistance, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. Isolated strategic errors made by trial counsel do not necessarily render his performance ineffective. *See Robertson v. State*, 187 S.W.3d 475, 483–84 (Tex. Crim. App. 2006). Judicial review of counsel's performance must be highly deferential and avoid the distorting effects of hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (citing *Strickland*, 466 U.S. at 689). Accordingly, there is a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*,

3

163 S.W.3d 734, 740 (Tex. Crim. App. 2005). The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813 (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. Direct appeal is generally an inadequate vehicle for raising such a claim because the record is generally undeveloped and very rarely do claims of ineffective assistance survive on direct appeal. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see also Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).

III

Bonnee claims footnote 53 of the LSI-R is evidence that she believed as many as ten years in prison would be a fair punishment, and she notes the disparity between that purported belief and what she describes as her "apparent" refusal to accept a plea-bargain offer of three years in prison. In her appellate brief, Bonnee argues that, "[t]he only apparent explanation for [her] failure to accept a plea[-]bargain offer for a term of years lower than even she considered fair is that she was unaware of it."

Failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness. *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000). The prevailing view is that a defense counsel's failure to communicate a plea offer is inherently prejudicial to the defendant. *See id.* at 796.

However, to prevail on appeal, Bonnee must demonstrate, by a preponderance of the evidence, that defense counsel failed to communicate the three-year plea offer. *See Thompson*, 9 S.W.3d at 813. She fails to meet that burden. There was no motion for new trial below, and the record contains very few facts at all regarding the three-year plea offer. The facts available do not rebut the strong presumption that counsel's conduct falls

4

within the wide range of reasonable representation. *See Salinas*, 163 S.W.3d at 740. That presumption of reasonable representation necessarily includes a presumption that counsel has communicated all plea offers to the defendant. *See Ex parte Lemke*, 13 S.W.3d at 795. The record contains no evidence that would rebut this presumption. And, in any event, we would be especially reluctant to find ineffective assistance where, as here, the attorney himself has not had an opportunity to rebut the allegations against him. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Bonnee's argument that she would have accepted the plea offer is based entirely on footnote 53 of the LSI-R report. The footnote is written with shorthand references, and without an explanation from the author, its meaning and significance is unclear. The record contains no evidence that Bonnee would have accepted the offer she claims was not communicated to her. The documents on which she relies are insufficient to make this showing. Even assuming Bonnee's explanation were correct, footnote 53 does not amount to the firm foundation in the record required to support an allegation of ineffective assistance of counsel. *See Thompson*, 9 S.W.3d at 813. Bonnee has failed to meet the requirements of *Strickland*, and we overrule her sole issue on appeal.

* * *

For the foregoing reasons, we affirm the trial court's judgment.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Justices Frost, Brown, and Christopher.
Do Not Publish — TEX. R. APP. P. 47.2(b).