In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00543-CR
_____

### EMMANUEL KOFI AGBAKPE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-03-03449-CR**

### MEMORANDUM OPINION

A jury convicted appellant Emmanuel Kofi Agbakpe of assault causing bodily injury with family violence, a felony offense due to his previous conviction for assault with family violence. The jury sentenced Agbakpe to five years in prison. Agbakpe challenges his conviction arguing that his trial counsel rendered ineffective assistance of counsel. We affirm.

### Background

In a single issue, Agbakpe contends he was denied effective assistance of counsel because his trial counsel failed to challenge for cause venireperson number

1

14 and venireperson number 25 when each indicated during voir dire that they would assign a burden of proof to the defendant.

During defense counsel's voir dire, he asked a line of questions regarding the burden of proof. Defense counsel asked a prospective juror if he "would want [defense counsel] to present some kind of case." The prospective juror responded, "Yeah, I would think that you would need to defend your client over there." Defense counsel then asked the panel at large if anyone agreed that he would "need to present some kind of defense[,]" and twenty prospective jurors raised their hands to indicate agreement. An unidentified prospective juror indicated disagreement with the statement, and explained that the jury panel had been instructed that the defendant was presumed innocent. Then one of the prospective jurors that had indicated that he wanted defense counsel to present a case spoke up and indicated that he believed the way defense counsel had phrased the question was misleading. The following exchange took place:

> [Defense Counsel]: These people are just telling me -- they're being honest, and I appreciate that. You want me to put up some kind of defense, and that's understandable.

> [Prospective Juror 13]: But the phrase that you used was "you would want me to present a case."

> [Defense Counsel]: Yes. Yes.

> [Prospective Juror 13]: I want that. Do I need that? That's a different way of looking at it. I want to see both sides of the case to make my determination.

2

[Defense Counsel]: And also [Prospective Juror 6] here said he would find him guilty if I didn't, and you see the nuance there?

[Prospective Juror 13]: No, no. I understand what you're saying there, specifically, but the way that you phrased the question to us or to me -- I can't speak for everybody else, but to me was, "Do you want me to present?"

[Defense Counsel]: And you answered my question which was: Would you still want me to present a defense?

[Prospective Juror 13]: Yes.

The trial court then explained the burden of proof to the panel:

I think this is a good time to address this. To be clear, the State has the burden of proof in this case. They must prove each and every element of the offense beyond a reasonable doubt. The Defense does not have to prove anything. They do not have a burden at all. If they wish to provide a self-defense theory, they can do so. So the question is: If you believe beyond a reasonable doubt that the Defendant is guilty of the offense of assault, then it would be your duty to return a verdict of guilty. If you have a reasonable doubt as to the guilt of the Defendant because, possibly, of a self-defense strategy, and you have a doubt as to the guilt, then it would be your duty to return a verdict of not guilty.

It's real clear that the Defendant does not have a burden at all. You may wish to hear from the Defendant, but the question you need to be able to answer is that you're not going to require the Defendant to put on a case, because if you require that and if he doesn't do so, then you are shifting the burden which is not the law in this case.

The trial court then instructed defense counsel to "go forward and ask any questions that [he] believe[s] are appropriate." Defense counsel then proceeded to ask a question about the presumption of innocence. Defense counsel did not follow

3

up individually with the panel members that had indicated they wanted the defense to present a case. Ultimately, venireperson 14 and venireperson 25, two of the twenty prospective jurors who answered in the affirmative to defense counsel's question of "[s]o you would want me to present some kind of case[,]" served on Agbakpe's jury. Defense counsel did not challenge either venireperson for cause, nor did he exercise a peremptory challenge to remove either venireperson.

## Effective Assistance of Counsel

For an appellant to prevail on a claim of ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) the deficient performance caused appellant prejudice, that is, counsel's deficient performance was so serious that it deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812.

4

"Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. An ineffective assistance claim "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813. The appellant bears the burden to prove by a preponderance of the evidence that his trial counsel was ineffective. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

Usually, a direct appeal is an inadequate method to present an ineffective assistance of counsel claim because the record is undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When the record is silent as to counsel's reasons for failing to do something, we review trial counsel's conduct with great deference, without the distorting effects of hindsight. *Id.* Before we denounce trial counsel's actions as ineffective, counsel should normally be given an opportunity to explain the challenged actions. *Id.* (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). When counsel has not been given an opportunity to explain the challenged actions, we will only find deficient performance if the conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). In other words, in the absence of a record explaining the reasons for

5

counsel's decisions, we will not find counsel's performance deficient if we can imagine any reasonably sound strategic motivation for the action. *See Garcia*, 57 S.W.3d at 440.

Agbakpe argues that both venireperson 14 and venireperson 25 indicated that they would hold him to an improper evidentiary burden. He argues that although the trial court explained the burden of proof to the prospective jurors, his trial counsel failed to question them individually on whether they would ignore the law and continue to hold him to an improper burden of proof. On the record before us, we find Agbakpe did not rebut the presumption that his trial counsel exercised sound trial strategy. Agbakpe's complaint about his trial counsel's representation during voir dire is the type of complaint that requires a more developed record. We cannot foreclose the possibility that Agbakpe's trial counsel had a strategic reason for failing to further question or challenge venirepersons 14 and 25. *See Delrio v. State*, 840 S.W.2d 443, 444-47 (Tex. Crim. App. 1992) (holding that trial counsel's failure to challenge a venire member who had voiced his lack of impartiality did not constitute ineffective assistance when the record was silent as to the reasons for defense counsel's decision and the court could speculate as to why defense counsel may have refused to remove the member from the panel). Agbakpe's defense counsel continued to question the potential jurors after the trial court explained the burden of proof. His trial counsel continued to observe the panel, including

6

venirepersons 14 and 25, and could have determined, based on sound trial strategy, not to challenge them based on their verbal and non-verbal responses to other questions or statements. Regardless, in this case, Agbakpe's trial counsel should be afforded the opportunity to explain his strategy. *See Goodspeed*, 187 S.W.3d at 392. Because Agbakpe's ineffective assistance of counsel claim is not firmly founded in the record, we overrule his sole issue on appeal and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 4, 2014
Opinion Delivered May 14, 2014
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

7